# EXHIBIT A

CAUSE NO. 16-06853-362

| | | |
|---|---|---|
| LINDA LAWSON—KENNEDY, INDIVIDUALLY ON BEHALF OF THE ESTATE OF KATHERINE LAWSON, *Plaintiff* | § § § § § § | IN THE _____ JUDICIAL DISTRICT COURT OF |
| vs. | § § § | |
| CORINTH HEALTH CARE, LLC D/B/A CORINTH REHABILITATION SUITES ON THE PARKWAY *Defendants* | § § § | DENTON COUNTY |

### PLAINTIFF'S ORIGINAL PETITION & REQUEST FOR DISCLOSURE

1. The Plaintiff, LINDA LAWSON—KENNEDY, Individually and on Behalf of the Estate of KATHRINE LAWSON, hereinafter called "the Plaintiff," brings this cause of action against CORINTH HEALTH CARE, LLC D/B/A CORINTH REHABILITATION SUITES ON THE PARKWAY; hereinafter referred to as "Defendant" or "Corinth".

### A. DISCOVERY CONTROL PLAN

2. Plaintiff intends to conduct discovery under Level 3 of Texas Rules of Civil Procedure 190.4.

### B. PARTIES

3. Plaintiff, LINDA LAWSON—KENNEDY is an individual and at all relevant times was a resident of Texas. Plaintiff brings this suit as the proper heir of KATHRINE LAWSON, under relevant statutory and case law.

4. At the time of the incidents, KATHRINE LAWSON was a resident of Denton County.

5. Defendant CORINTH HEALTH CARE, LLC D/B/A CORINTH REHABILITATION SUITES ON THE PARKWAY is a limited liability company that may be served with process through its registered agent, National Corporate Research, LTD at 800 Brazos, Ste. 400, Austin, Texas 78701. Defendant owned, managed, operated, supervised and/or staffed the nursing and rehabilitation center that treated KATHRINE LAWSON at all relevant times as alleged herein.

## C. JURISDICTION AND VENUE

6. Plaintiff affirmatively pleads that this Court has jurisdiction because the damages sought are in excess of the minimum jurisdictional limits of the Court. Furthermore, all of the causes of action asserted in this case arose in the State of Texas, and all of the parties to this action are either residents of the State of Texas or conduct business in this State and committed the torts that are the subject of this suit in whole or in part in Texas, as hereafter alleged in more detail. Therefore, this Court has both subject matter and personal jurisdiction over all of the parties and all of the claims.

7. Pursuant to Section 15.002(a) of the Texas Civil Practice and Remedies Code, venue is proper in Denton County because Defendants conducted business in Denton County at all relevant times and all or a substantial part of the events or omissions giving rise to the claim occurred in Denton County, Texas and no mandatory venue provision applies.

8. At all times, the Plaintiff was treated by and under the care of the Defendants in Denton County, Texas.

## D. FACTS

9. From on or about 2012 through July 2014, the Deceased was a resident at CORINTH REHABILITATION SUITES ON THE PARKWAY (hereinafter "the Facility" or

"Corinth") that was maintained and operated by Defendant CORINTH HEALTH CARE, LLC, in Corinth, Texas for the purposes of providing care to KATHRINE LAWSON of which included, but were not limited to providing the Deceased assistance in her activities of daily living. Defendants knew of the existence of Ms. Lawson's medical conditions, and represented to Plaintiff that it was able, knowledgeable, and sufficiently staffed to adequately care for her conditions. Plaintiff relied on this representation in selecting Defendants as health care providers to treat her mother's condition.

10. Defendants formulated and/or were required to formulate various Focus Plans (Care Plans) to account for Ms. Lawson's specifically identified conditions and potential complications related to these conditions.

11. Further, knowing that Ms. Lawson would need special care and assistance in her activities of daily living, Defendants admitted her into its facilities and under its care, and further represented to the Plaintiff and indicated that Defendants' services were equipped to meet her needs. Plaintiff relied on Defendants' representation when choosing skilled nursing facilities to assist with his mother's activities of daily living and provide appropriate care based upon her life threatening conditions.

12. Defendants provided what Plaintiff believed and understood were skilled nursing facilities and ongoing assessments of Ms. Lawson. It was further Plaintiffs' belief and understanding that Defendants were providing proper medical oversight and care through properly trained and qualified individuals to assure that Ms. Lawson was safe and properly cared for at all relevant times.

13. While receiving care from Corinth, Ms. Lawson suffered from several falls.

14. Further, during her residency, Ms. Lawson had ongoing experiences with difficulty breathing, to which her family complained about to facility staff, who did not assess Ms. Lawson's complaints in a timely manner resulting in fluid build-up around her lungs.

15. On or about June 2014, Ms. Lawson attempted to use the call light to notify staff that she needed assistance transferring herself to the restroom. After a period of time, in which no staff responded to her call light, Ms. Lawson attempted to transfer herself to the restroom. She fell and stuck her head, resulting in two black eyes.

16. On or about the last Sunday of June 2014, Ms. Lawson complained about breathing difficulties to Corinth staff, to which the staff did not address the complaints immediately. Several hours later, Ms. Lawson's family members were called and notified that she was being transferred to the hospital due to difficulties breathing.

17. Emergency Medical Services ("EMS") attempted to resuscitate Ms. Lawson, but attempts were unsuccessful, and Ms. Lawson passed away. EMS staff stated that she had been without oxygen for approximately thirty minutes.

18. During the time her mother received care from Defendant CORINTH HEALTH CARE, LLC D/B/A CORINTH REHABILITATION SUITES ON THE PARKWAY, Linda Lawson—Kennedy relied on the Defendant's representations and it was her belief and understanding that her mother, KATHRINE LAWSON, was being properly cared for by the Defendants. However, based upon Defendant's negligence and other tortious misconduct as alleged herein, Plaintiff's mother suffered substantial injury and damages, including Ms. Lawson's pain and suffering leading up to her death.

### E. CAUSES OF ACTION/CLAIMS

**Medical Negligence**

19. Defendant is a health-care providers licensed by the State of Texas to provide health care.

20. Defendant owed the Plaintiff a duty of care to exercise that degree of care required by the Plaintiff's known mental and physical conditions, which duty of care these Defendants breached by the acts and omissions of negligence of Defendants and their agents, employees and representatives, including the following:

    a. Failing to observe, intervene, and care for the Plaintiff;

    b. Neglecting the Plaintiff to such a degree that she suffered falls, lack of oxygen and death;

    c. Failing to provide the medical and nursing care reasonably required for the Plaintiff's known conditions;

    d. Failing to provide the appropriate supervision and training to its staff and personnel that were providing care to the Plaintiff including appropriate care related to Ms. Lawson's needs at all relevant times.

21. Defendant further violated applicable Federal and State statutes that were enacted to protect the class of individuals, like Plaintiff, who reside in nursing facilities by, among other acts and omissions, failing to:

    a. Ensure that each resident receives the kind and amount of supervision and care required to meet her basic needs, as required by 40 T.A.C. § 92.41 (3)(C)(V);

    b. Ensure that the individuals service plan or care plan be properly updated *upon a significant change in condition, based upon an assessment of the resident*, in accordance with 40 T.A.C. § 92.41(4)(C)(2).

    c.    Properly provide a written plan of care *specifying the care and services necessary to meet the client-specific needs* and *ensuring that care and services are appropriate to the severity level of each client's and the client's family's specific needs* in accordance with 40 T.A.C. § 97.403 (3)(B)(i).

    d.    Provide the appropriate nursing services and direction of care to meet the resident's needs were met at all times in accordance with 40 T.A.C. § 97.403 (N)(1).

22. Based upon Defendant's failure to meet the standard of care as described herein, Plaintiffs would show that Defendant's negligent and otherwise tortious conduct was a proximate cause of damages suffered by the Plaintiffs as alleged herein.

23. Linda Lawson—Kennedy is entitled to bring a suit for damages on behalf of her mother.

**Gross Negligence**

24. The above cited acts and/or omissions by Defendants directly and through their agents, representatives and employees, detailed above, amount to gross negligence because when viewed objectively from Defendants' standpoint at the time in question, such acts and/or omissions involved an extreme degree of risk, considering the probability and magnitude of potential harm, of which Defendants had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference and/or malice with regard to the rights, safety, or welfare of others.

25. Defendants had direct prior notice of Ms. Lawson's high risk for falls and breathing difficulty, yet failed to take any reasonable action to prevent the foreseeable events as alleged herein.

26. The acts and omissions of gross negligence attributed to the Defendants were committed and/or ratified by vice principals of and/or managers acting in managerial capacity. By reason of such conduct, Plaintiff is entitled to and therefore asserts a claim for punitive or exemplary damages in an amount sufficient to punish and deter Defendant and others like it for such conduct in the future pursuant to Texas Civil Practices & Remedies Code Section 41.001, et seq. and relevant law.

27. The gross negligence of the Defendants was a proximate cause of the injuries and damages suffered by Plaintiff.

## F. DAMAGES

28. Defendants' breach of duty proximately caused injuries and damages to the Plaintiffs, which resulted in the following damages:

    a.  Physical pain in the past.

    b.  Mental anguish in the past.

    c.  Disfigurement in the past.

    d.  Physical impairment in the past.

    e.  Medical expenses in the past

    f.  Funeral and Burial expenses.

## G. JURY DEMAND

29. Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

## H. CONDITION PRECEDENT

30. Plaintiff would show that she has complied with the provisions set forth in Section 74.051 of the Civil Practice and Remedies Code, in that Defendants have been notified of Plaintiff's claim(s) prior to the filing of this lawsuit.

## I. REQUEST FOR DISCLOSURE

31. Under Texas Rule of Civil Procedure 194, Plaintiff requests that Defendants disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.

## J. PRAYER

32. **WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that Defendants be cited to appear and answer, and that on final trial, Plaintiff has judgment against the Defendants for:

   a. Economic damages in excess of the minimal jurisdictional amount of this Court;

   b. Non-economic damages in excess of the minimal jurisdictional amount of this Court;

   c. Pre-judgment and post-judgment interest as allowed by law;

   d. Costs of suit; and

   e. All such other and further relief the Court deems appropriate.

Respectfully submitted,

**THE CLINESMITH FIRM**

BY: /s/ Curtis Clinesmith
Curtis Clinesmith
State Bar No. 24003401
325 North St. Paul, Ste. 2050
Dallas, Texas 75201
972-677-7764 Telephone
972-290-0031 Facsimile
curtis@clinesmithfirm.com

Dawn M. Smith
**SMITH CLINESMITH, LLP**
State Bar No. 24079953
1700 Pacific Ave, Suite 1650
Dallas, Texas 75201

214-953-1900 Telephone
214-953-1901 Facsimile
dawn@smithclinesmith.com

**ATTORNEYS FOR PLAINTIFFS**