# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| LINDA LAWSON-KENNEDY, | § | |
| individually and on behalf of the Estate of | § | |
| Katherine Lawson | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:16-CV-3018-B |
| | § | |
| CORINTH HEALTH CARE LLC d/b/a | § | |
| CORINTH REHABILITATION | § | |
| SUITES ON THE PARKWAY, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Corinth Health Care LLC d/b/a Corinth Rehabilitation Suites on the Parkway's Motion to Transfer Venue. Doc. 9. For the reasons that follow, Defendant's Motion is **GRANTED**, and the case is **TRANSFERRED** to the United States District Court for the Eastern District of Texas, Sherman Division.

## I.

## BACKGROUND

This is a medical negligence case stemming from Defendant's care of decedent Katherine Lawson while she was a resident at Corinth Rehabilitation Suites on the Parkway. Doc. 1-2, Pl.'s Orig. Pet. ¶¶ 9, 19–27. Plaintiff originally filed the suit in the 362nd Judicial District Court in Denton County, Texas. Doc. 1, Notice of Removal ¶ 2. Defendant then removed the case to the United States District Court for the Northern District of Texas, Dallas Division. *Id.*

After Defendant filed an Answer, the Court ordered the parties to confer and submit a Joint

Status Report. Doc. 5, Status Report Order. In their Report, the parties indicated that they planned on filing an agreed motion to transfer venue because Defendant's Notice of Removal was inadvertently filed in the Northern District of Texas, Dallas Division rather than the Eastern District of Texas, Sherman Division. Doc. 6, Joint Status Report ¶ 3. Based on this representation, the Court gave the parties a deadline to file a motion to transfer venue. Doc. 7, Order. Defendant then filed its Motion to Transfer Venue within the deadline and requested that the Court transfer the case to the Eastern District of Texas, Sherman Division. Doc. 9, Def.'s Mot. to Transfer Venue ¶ 2. The Motion, however, was not styled as an "agreed" or "joint" motion as parties indicated that it would be in their Report, and it did not contain a certificate of conference as required by the Local Civil Rules.[1] Therefore, the Court considers it to be opposed by Plaintiff. While the Court considers the Motion to be opposed, Plaintiff did not respond. The Motion is ripe for the Court's review.

## II.

## LEGAL STANDARD

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). The movant bears the burden of proving both that the civil action could have been brought in the proposed district and that transfer would be for the convenience of parties and witness, in the interest of justice. *In re Volkswagen of Am., Inc.*, 545 F.3d

---

[1] The relevant Local Rule is Northern District of Texas Local Civil Rule 7.1(a) which provides that "[b]efore filing a motion, an attorney for the moving party must confer with an attorney for each party affected by the requested relief to determine whether the motion is opposed." N.D. Tex. Civ. R. 7.1(a). And "[e]ach motion for which a conference is required must include a certificate of conference indicating that the motion is unopposed or opposed." N.D. Tex. Civ. R. 7.1(b)(1). A Motion to Transfer Venue is a motion for which a conference is required. N.D. Tex. Civ. R. 7.1(h).

304, 315 (5th Cir. 2008).

Venue in removed cases is governed solely by the removal statute, 28 U.S.C. § 1441(a), not § 1391, the general venue statute. *Republic Capital Dev. Grp., L.L.C. v. A.G. Dev. Grp., Inc.*, No. H-05-1714, 2005 WL 3465728, at \*8 (S.D. Tex. Dec. 19, 2005) (citing *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665 (1953)). The removal statute provides that a "civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

To demonstrate that transfer would be for "the convenience of parties and witnesses, in the interest of justice" under 28 U.S.C. § 1404(a), a movant must show good cause. *In re Volkswagen*, 545 F.3d at 315 (citing *Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963)). To determine whether a movant has shown good cause, courts examine a number of private and public interest factors. *In re Volkswagen*, 545 F.3d at 315 (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947)). "The private interest factors are: '(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.'" *Id.* (quoting *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004)). The public interest factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.* "When the transferee forum is no more convenient than the chosen forum, the plaintiff's choice should not be disturbed." *Thomas v. City of Fort Worth*,

No. 3:07-cv-1689-O, 2008 WL 4225556, at * 2 (N.D. Tex. Sept. 15, 2008); *see also In re Volkswagen*, 545 F.3d at 315.

**III.**

**ANALYSIS**

In order to rule on Defendant's Motion, the Court must make the following two determinations: (1) whether the Eastern District of Texas, Sherman Division is a proper venue; and (2) whether transfer would be for the convenience of the parties and witnesses, and in the interest of justice.

A.      *The Eastern District of Texas, Sherman Division Is a Proper Venue*

The case was originally filed in Denton County, Texas. As discussed above, the venue of a removed case is proper in the district and division embracing the place where such action is pending. 28 U.S.C. § 1441(a). Denton County is part of the Eastern District, Sherman Division. 28 U.S.C. § 124(c)(3). Therefore, the state action in the 362nd Judicial District Court in Denton County, Texas should have been removed to the Eastern District of Texas, Sherman Division because that is the proper venue according to the removal statute. *See* 28 U.S.C. § 1441.

B.      *Transfer Would Be for the Convenience of Parties and in the Interest of Justice*

"Removal to an incorrect district and division is a procedural defect." *Valdez v. Subzero Constructors, Inc.*, No. 3:14-cv-4306-L, 2015 WL 1757514, at *4 (N.D. Tex. Apr. 17, 2015). But "[e]rror in the venue of a removed action does not deprive the district court of subject matter jurisdiction requiring remand of the case." *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 493 n.3 (5th Cir. 1996). Instead, "[w]hen a case is removed to the wrong district, the mistake does not require remand and the interest of justice requires that the action be transferred to the district court

of proper venue." *Id.* (citing *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 644–45 (5th Cir. 1994)).

While the Fifth Circuit has indicated that the interest of justice requires transfer, the Court will briefly consider the private and public interest factors to ensure that the convenience for the parties and witnesses also favors transfer. Regarding these factors, Defendant states only that transfer to the Eastern District is proper because it is where the alleged incidents took place. Doc. 9, Mot. to Transfer Venue ¶ 4. As previously noted, Plaintiff failed to respond.

1.      Private Factors

As discussed above, the private factors a district court considers when deciding to transfer a case are: (1) the relative ease of access to sources of proof; (2) availability of compulsory process for attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *In re Volkswagen*, 545 F.3d at 315. These factors likely weigh in favor of transfer in this case. As the case was originally filed in Denton County, which is where the alleged incidents took place, it is likely that sources of proof would be in the Eastern District, thus access to them would be relatively easier, and all relevant witnesses are likely in the Eastern District as well.

2.      Public Factors

As discussed above, the public factors a district court considers when deciding to transfer a case are: (1) administrative difficulties flowing from court congestion; (2) local interest in having localized interests decided at home; (3) familiarity of the forum with the law that will govern the case; and 4) avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *In re Volkswagen*, 545 F.3d at 315. The public factors appear to be more neutral in this case. As the

alleged incidents occurred in Denton County, there could be a local interest in having the case tried

in the area where they occurred. But it does not appear that the factors weigh in either direction with

regard to administrative difficulties, familiarity with the law, or conflict of laws.

In conclusion, because transfer is in the interest of justice, and because it appears that the

private and public interest factors weigh more in favor of transfer, the Court finds that transfer to the

Eastern District of Texas, Sherman Division is both convenient for the parties and witnesses and in

the interest of justice.

## IV.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Transfer Venue (Doc.

9). Accordingly, the Court **TRANSFERS** this case to the United States District Court for the

Eastern District of Texas, Sherman Division.


**SO ORDERED.**

**SIGNED: May 10, 2017.**


_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE